OPINION OF THE COURT
Bertram R. Gelfand, J.
Petitioner, decedent’s son, seeks to be appointed voluntary administrator. The unusual aspect of the application is that the decedent died in 1932. In addition to petitioner, decedent’s distributees are three other children, all of whose whereabouts are known. The voluntary letters are sought to collect a bank account in the decedent’s name alleged to have a balance of $4,724.49.
The court is fully cognizant that SCPA article 13 was enacted with a view towards making the administration of small estates expeditious, informal and inexpensive (see Rep No. 2.2B, Second Rep of Temp State Comm on Estates, NY Legis Doc, 1963, No. 19). Moreover, article 13 is to be afforded a "liberal construction” to carry out its "remedial” purpose *244 (SCPA 1312). However, considering the length of time that has elapsed since decedent’s death, that the amount to be administered almost exceeds the maximum permissible amount for article 13 to be applicable, and that all of the interested parties in this estate can apparently be served with process without any great burden, the protections afforded to all interested parties by the more formal procedures enumerated in SCPA article 10 for the issuance of letters of administration are justified. Specifically, since almost 50 years have come and gone since decedent’s death, it is not an undue hardship to require petitioner to wait a little longer so that process can be served upon the other children to give them an opportunity, if they so desire, to be heard on who should administer the estate. Of course, in lieu of a citation, waivers and consents may be filed.
Accordingly, the application for voluntary letters is denied without prejudice to petitioner’s right to apply for letters of administration.